Guillermo A. Escobedo (SBN 206198)
Lara P. Besser (SBN 282289)
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, California 92101
Telephone:   (619) 573-4900
Facsimile:    (619) 573-4901
guillermo.escobedo@jacksonlewis.com
lara.besser@jacksonlewis.com

Attorneys for Defendant
AMENTUM SERVICES, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN V. WEAVER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMENTUM SERVICES, INC.; AECOM; and DOES 1 through 20, inclusive,<br><br>                    Defendants | Case No.:   **'22 CV 0108 AJB NLS**<br><br>**DEFENDANT AMENTUM SERVICES, INC.'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446, 1453]**<br><br>*(Filed concurrently with Declaration of Guillermo A. Escobedo and Declaration of Mark Esposito, Civil Case Cover Sheet, Notice of Interested Parties, and Corporate Disclosure Statement)*<br><br>Complaint Filed:   November 24, 2021 |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Amentum Services, Inc. ("Defendant") removes the above-entitled action to this Court from the Superior Court of the State of California, County of San Diego pursuant to 28 U.S.C. § 1441.  Defendants invoke this Court's original jurisdiction under 28 U.S.C. § 1332(d) (the Class Action Fairness Act) and

1

CASE NO. _____

28 U.S.C. § 1332 (diversity).  Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff Stephen V. Weaver ("Plaintiff") has pled claims upon which relief can be granted.  This removal is based on the following grounds:

## I.    PROCEDURAL BACKGROUND.

1.    On November 24, 2021, Plaintiff filed a class action Complaint ("the Complaint") in the Superior Court of the State of California, County of San Diego, entitled *Stephen V. Weaver v. Amentum Services, Inc., AECOM and DOES 1 through 20, inclusive*, Case No. 37-2021-00049868-CU-OE-CTL.  A true and correct copy of the Summons and Complaint is attached as **Exhibit A** in paragraph 2 to the Declaration of Guillermo A. Escobedo in Support of Defendant Amentum Services, Inc.'s Notice of Removal ("Escobedo Decl.")

2.    On December 27, 2021, Plaintiff served copies of the Complaint, the Summons, and Civil Cover Sheet on Defendant Amentum Services, Inc.  True and correct copies of the Summons and Civil Cover Sheet served on Defendant Amentum Services, Inc. are attached to the Escobedo Decl. as **Exhibit B,** respectively. (Escobedo Decl. ¶ 3.)

3.    The Complaint improperly included AECOM as a named Defendant. AECOM never employed Plaintiff. AECOM was not involved in processing or funding the payroll for employees of Amentum Services, Inc.  Plaintiff was only an employee of Amentum Services, Inc. for purposes of this litigation.  (Declaration of Mark Esposito in Support of Defendant Amentum Services, Inc.'s Notice of Removal ("Esposito Decl."), ¶ 8.) Accordingly, counsel for Defendant Amentum Services, Inc. met and conferred with Plaintiff's counsel and provided a declaration from Amentum Services, Inc.'s Vice President and Assistant Secretary, Mark Esposito, attesting to these facts, and Plaintiff's counsel subsequently agreed to dismiss AECOM from this action, which was filed on January 17, 2022.  (Escobedo Decl. ¶¶ 4-5.) Plaintiff's Request for Dismissal filed in the State Court Action is attached as **Exhibit C** to the Declaration of Guillermo A. Escobedo. (*Id*. ¶ 5.) The State Court's order dismissing AECOM as a defendant is attached as **Exhibit**

2

CASE NO. _____

DEFENDANT'S NOTICE OF REMOVAL

**D** to the Declaration of Guillermo A. Escobedo. (*Id.* ¶ 6.)

4.   The Complaint remains Plaintiff's operative pleading in this action as of the date of the filing of this Notice of Removal. (Escobedo Decl. ¶ 2.)

5.   **Exhibits A, B and C** constitute all the pleadings that have been filed or served by or against Defendant Amentum Services, Inc. in this action as of the date of the filing of this Notice of Removal. (*Id.* ¶ 7.)

## II.   REMOVAL IS TIMELY.

6.   Pursuant to 28 U.S.C. § 1446(b), a defendant has 30 days to file a Notice of Removal, measured from the date the defendant receives or is served with the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

7.   Plaintiff served Defendant Amentum Services, Inc. with the Complaint on December 27, 2021.  (Escobedo Decl. ¶ 3, Ex. B.)

8.   Measured from December 27, 2021, Defendant Amentum Services, Inc. deadline to file this Notice of Removal with this Court is January 26, 2022.

9.   Defendant is filing this Notice of Removal with this Court on January 26, 2022. Defendant will then file a Notice of Filing Removal with the Superior Court and serve a copy on Plaintiff's counsel. (Escobedo Decl. ¶ 8, Ex. E.)

10.   No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.   NOTICE.

11.   Defendants will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, County of San Diego, as required by 28 U.S.C. § 1446(d).

## IV.   PLAINTIFF'S ALLEGATIONS.

12.   The Complaint alleges that Plaintiff brings this action on behalf of himself and a putative class of California citizens ("Class Members") consisting of "All California citizens currently or formerly employed by Defendants as non-exempt employees in the

CASE NO. _____

DEFENDANT'S NOTICE OF REMOVAL

State of California at any time between May 30, 2017[1] and the date of class certification" (the "Class Period").  (Escobedo Decl. ¶ 2, Ex. A ¶ 20.)

13.    Plaintiff also seeks to certify a waiting time subclass, "All members of the class who separated their employment with Defendant at any time between May 30, 2018 and the date of class certification " (the "Waiting Time Class Period").  (Escobedo Decl. ¶ 2, Ex. A ¶ 21.)

14.    The Complaint names the "Defendants" as "Amentum Services, Inc.; Aecom; and DOES 1 through 20, inclusive (collectively, "Defendants")".  (*Id.* ¶ 1.)

15.    Plaintiff alleges that the Defendants acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects, and the acts of each defendant are legally attributable to the other defendant. Plaintiff further alleges that Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.  (*Id.* ¶ 14.)

16.    Plaintiff alleges that common questions of law and fact as to the Class Members predominate over any questions affecting only individual members including, but not limited to, the following:

      a.    Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.  (*Id.* ¶ 24a.)

      b.    Whether Defendants required Plaintiff and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay them proper overtime compensation for all overtime hours worked. (*Id.* ¶ 24b.)

      c.    Whether Defendants deprived Plaintiff and Class Members of compliant meal periods without legal compensation.  (*Id.* ¶ 24c.)

---

[1] Plaintiff's Complaint alleges "The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020 pursuant to Cal. Rules of Court, Appendix U, Emergency Rule No.9." Defendant denies that this action is tolled, and reserves the right to contest at the appropriate time.

CASE NO. _____

DEFENDANT'S NOTICE OF REMOVAL

d.     Whether Defendants deprived Plaintiff and Class Members of rest breaks or required Plaintiff and Class Members to work through rest breaks. (*Id.* ¶ 24d.)

e.     Whether Defendants failed to reimburse Plaintiff and Class Members for necessary business-related costs expended for the benefit of Defendants. (*Id.* ¶ 24e.)

f.     Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements. (*Id.* ¶ 24f.)

g.     Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation. (*Id.* ¶ 24g.)

h.     Whether Defendants' conduct was willful or reckless. (*Id.* ¶ 24h.)

i.     Whether Defendants engaged in unfair business practices in violation of Business and Professions Code § 17200, et seq. (*Id.* ¶ 24i.)

## V.     THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT.

17.     Plaintiff brings this action as a putative class action.[2]  Removal based upon the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 because (1) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs; (2) the aggregate number of putative class members in all proposed classes is 100 or greater; and (3) diversity of citizenship exists between at least one putative class member and the named defendants in this matter. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453; *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089–90 & n.2 (9th Cir. 2010).  Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff or the class members he purports to

---

[2] Defendant denies that this action can properly proceed as a class action.  Defendant reserves the right to contest at the appropriate time.

5

CASE NO. _____

DEFENDANT'S NOTICE OF REMOVAL

represent are entitled to the relief requested, all requirements for jurisdiction under CAFA have been met in this case.

### A. The Putative Class Has More Than 100 Members.

18.    To remove under CAFA, the aggregate number of putative class members in all proposed classes must be greater than 100.  28 U.S.C. §§ 1332(d)(2) & (5)(B); *United Steel*, 602 F.3d at 1090 & n.2.  Plaintiff's Complaint defines the putative classes in this action as "All California citizens currently or formerly employed by Defendants as non-exempt employees in the State of California at any time between May 30, 2017[3] and the date of class certification" (the "Class Period"). (Escobedo Decl. ¶ 2, Ex. A ¶ 20.) The Complaint also defines a waiting time subclass as "All members of the class who separated their employment with Defendant at any time between May 30, 2018 and the date of class certification" (the "Waiting Time Class Period").  (*Id*. ¶ 21.)

19.    Defendant Amentum Services, Inc. employed in excess of 100 full-time hourly employees in California during the Class Period and the Waiting Time Class Period. (Esposito Decl. ¶ 4.)  Accordingly, there are more than 100 putative class members in the proposed class here.

### B. Diversity of Citizenship Exists.

20.    To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2)(a) (under CAFA's minimal diversity requirements, diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *United Steel*, 602 F.3d at 1089–90 (holding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

---

[3] Defendants intend to challenge the Complaint's contention that "The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020 pursuant to Cal. Rules of Court, Appendix U, Emergency Rule No.9."

CASE NO. _____

DEFENDANT'S NOTICE OF REMOVAL

21.    "An individual is a citizen of the state in which he is domiciled. . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).  The Complaint alleges that Plaintiff is a resident of the State of California.  (Escobedo Decl. ¶2, Ex. A at ¶ 10.)  Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.  Moreover, Plaintiff has brought claims on behalf of putative class members residing in the State of California.  (*Id.* ¶ 1.)  Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

22.    For diversity purposes, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c); *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010).  With respect to ascertaining a corporation's principal place of business, the United States Supreme Court has adopted the "nerve center test."  *Id. at* 80-81.  Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control, and coordinate the corporation's activities.  *Id*.  A corporation can only have one "nerve center."  *Id.* at 93-94.  In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state.  *Id.*

23.    Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected."  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

24.    Defendant Amentum Services, Inc. was, at the time of filing of the Complaint, and still is, a corporation formed under the laws of the State of Delaware. (Esposito Decl. ¶ 2.)  As such, Amentum Services, Inc. is a citizen of Delaware because it is incorporated in that state.

25.    At all relevant times, Amentum Services, Inc.'s principal place of business

CASE NO. _____

DEFENDANT'S NOTICE OF REMOVAL

has been Germantown, Maryland because its executives and administrative offices are located there, and the majority of executive and administrative functions are directed, controlled, and coordinated from there.   (Esposito Decl. ¶ 3.)   Therefore, Amentum Services, Inc. is also citizen of the State of Maryland.

26.   It is not necessary for DOES 1 through 20 to join in this removal as they have been sued under fictitious names, have not been served or received the Summons or the Complaint, and, under 28 U.S.C. § 1441(b)(1), are disregarded for purposes of removal and are not proper parties in this Court.

27.   Accordingly, at least one member of the putative class is a citizen of a state different from Defendant Amentum Services, Inc.  As a result, diversity jurisdiction exists under CAFA.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C. The Amount in Controversy Exceeds $5,000,000.

28.   Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  Plaintiff may not avoid removal to federal court under CAFA's $5,000,000 amount in controversy requirement by expressly alleging or subsequently stipulating that damages fall below that sum.  *See Standard Fire Ins. Co. v. Knowles*, 586 U.S. 588, 590 (2013) (class-action plaintiff's stipulation that he and the class would seek less than $5 million in damages "does not defeat federal jurisdiction under CAFA").   Because Plaintiff has not expressly pled a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5,000,000.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[w]here the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [the jurisdictional requirement]".

29.   Defendant's burden to establish the amount in controversy is the preponderance of the evidence standard.  *Dart Cherokee Basin Operating Co, LLC. v.*

CASE NO. _____

DEFENDANT'S NOTICE OF REMOVAL

*Owens*, 574 U.S. 81, 88-89 (2014); *see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109–14, at 42 (2005) (citation omitted).

30.     A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda v. Gucci Am., Inc.*, Case No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, Case No. CV 15-01350-AB (PLAx), 2015 U.S. Dist. U.S. LEXIS 55667, at *5 (C.D. Cal. Apr. 28, 2015). ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages.") (citation omitted); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable"); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy"). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what defendants could actually owe. *LaCross*, 775 F.3d at 1202 (explaining that courts are directed "to first look to the complaint in determining the amount in controversy") (citation omitted).

31.     Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Roa v. TS Staffing Servs., Inc.*, Case No. 2:14-cv-08424-ODW (MRW), 2015 U.S. Dist. LEXIS 7442, at *4-5 (C.D. Cal. Jan. 22, 2015). However, as detailed below, Defendant has established by a preponderance of the

CASE NO. _____

DEFENDANT'S NOTICE OF REMOVAL

evidence that the amount in controversy exceeds $5,000,000 and the Court has jurisdiction pursuant to CAFA.

32.     Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff or the class is entitled to any relief, Plaintiff's allegations have put into controversy an amount that exceeds the $5,000,000 threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[4]

33.     Plaintiff alleges that the named defendants committed eight distinct categories of unlawful conduct as to Plaintiff and all Class Members, continuously over a four-year period.

34.     One of Plaintiff's claims, the claim for alleged failure to provide meal and rest periods, for example, exceeds the $5,000,000 threshold, as follows:

    a.    Plaintiff alleges each Class Member was denied meal and rest periods.

    b.    During the Class Period, Defendant Amentum Services, Inc. employed in excess of 100 full-time non-exempt employees in California. (Esposito Decl. ¶ 4.)  Those employees typically worked at least 8 hours per day, 40 days per week.  (*Id.*)

    c.    An average year for a full-time employee contains approximately 250 workdays and 50 workweeks.  A four-year period, therefore, contains a total of approximately 1000 workdays and 200 workweeks.

    d.    Pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 11, an employee that works an eight-hour shift is entitled to one unpaid meal period of at least 30 minutes duration.  An employer that

---

[4] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Defendant's references to potential damage amounts based on Plaintiff's allegations are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member.  In addition, Defendant denies that liability or damages can be established on a classwide basis.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability."  *Lewis v. Verizon Commc'n's., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

CASE NO. _____

DEFENDANT'S NOTICE OF REMOVAL

fails to provide a meal period is liable to the aggrieved employee for one hour of pay at the employee's regular rate.

e.   Similarly, under California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 12, an employee that works an eight-hour shift is entitled to two paid rest periods of at least ten minutes duration.  An employer that fails to provide a rest period is liable to the aggrieved employee for one hour of pay at the employee's regular rate.

f.   Accordingly, as to employees working an eight-hour shift, an employer that fails to provide meal and rest periods would incur liability for two hours of pay at the employee's straight-time rate for each affected workday.

g.   An average year for a full-time employee contains approximately 250 workdays.   A four-year period, therefore, contains a total of approximately 1000 workdays.

h.   Accordingly, if it were proved that an employer failed to provide a full-time employee with meal and rest periods over a four-year period, the employer would purportedly incur liability for approximately 2000 hours at the employee's straight time rate.

i.   Throughout the Class Period, all of Defendant Amentum Services, Inc.'s hourly employees in the State of California were paid between $13.00 per hour to $53.45 per hour.  (Esposito Decl. ¶ 5.)

j.   Taking the apparent class average of $28.81 per hour, Plaintiff's allegations suggest that, if proved, each employee that Defendant employed in California would putatively be owed approximately $57,620.00 for the four-year period ($28.81 per hour multiplied by 2000 hours).

k.   Multiplying the alleged amount per employee ($57,620.00) by at least one hundred employees (100) results in a purported total of

CASE NO. _____
DEFENDANT'S NOTICE OF REMOVAL

**$5,762,000.00** as the amount in controversy**.**

35.     Accordingly, this <u>single</u> component (alleged denial of meal and rest periods) of Plaintiff's damages for unpaid wages surpasses the $5,000,000 in controversy CAFA threshold.

36.     In addition to the meal and rest period claims, Plaintiff seeks damages on behalf of himself and the putative class for alleged failure to pay overtime, failure to pay minimum wage, failure to reimburse business expenses, failure to pay wages upon separation of employment, failure to provide itemized wage statements, and unfair competition.  These alleged damages further contribute to the amount in controversy and reinforce the conclusion that the $5,000,000 threshold is met, and indeed is more than met, in this case.

37.     Finally, Plaintiff seeks his attorneys' fees and costs (Escobedo Decl. ¶2, Ex. A, Prayer for Relief ¶13).  Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees.  *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).  This additional amount places the amount in controversy in this action well above the CAFA threshold.

38.     Based on the foregoing, all requirements for CAFA removal are satisfied, and removal is proper.

## VI.     THE COURT ALSO HAS JURISDICTION BASED ON ORDINARY DIVERSITY OF CITIZENSHIP.

39.     This Court has original jurisdiction over this action based on ordinary diversity of citizenship pursuant to 28 U.S.C. § 1332(a), which provides the district courts shall have original jurisdiction of all civil actions between citizens of different states wherein the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

\ \ \

CASE NO. _____

DEFENDANT'S NOTICE OF REMOVAL

**A. The Action Is Between Citizens of Different States.**

40.     For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).  The Complaint alleges that Plaintiff is a resident of the State of California.  (Escobedo Decl. Ex. A ¶ 10.)  Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

41.     For diversity purposes, a corporation is considered a citizen of any state by which it is incorporated and of the state where it has its principal place of business. (28 U.S.C. § 1332(c)(1)).  The Supreme Court adopted the "nerve-center" test to determine in which state a corporation has its principal place of business. *Hertz Corp*, 559 U.S. at 92 (2010).

42.     Amentum Services, Inc. is a corporation, incorporated under the laws of the State of Delaware.  (Esposito Decl. ¶ 2.)  Its principal place of business and corporate headquarters are both located in the State of Maryland.  (*Id.* ¶ 3.)  Therefore, Amentum Services, Inc. is a citizen of the State of Delaware and the State of Maryland.

43.     AECOM has been dismissed as a defendant in this action. (Escobedo Decl. ¶6.) Plaintiff's counsel filed a request to dismiss AECOM as a Defendant in this case due to the fact it did not employ Plaintiff or any other Amentum Services, Inc. employees, and was not involved in processing their payroll. (Escobedo Decl. ¶¶ 4-5.) A "nominal" party defendant, like AECOM, is one that has no real interest in the suit, and for the purposes of determining diversity, a federal court should ignore the citizenship of nominal parties who have no interest in the action. *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc*. 204 F.3d 867,873 (9th Cir. 2000).

44.     The only other defendants named in Plaintiffs' Complaint are fictitious parties identified as "DOES 1 through 20," whose citizenship shall also be disregarded for the purpose of removal. (28 U.S.C. § 1441(a)). Thus, there are no other defendants to join in the removal of this action.

45.     Therefore, the diversity element of § 1332 removal is satisfied because

13

1   Plaintiff is a citizen of California, whereas defendant is a citizen of the State of Delaware
2   and the State of Maryland.  Accordingly, there is "complete diversity."

3   **B. The Amount in Controversy Exceeds $75,000.**

4       46.    Without conceding that Plaintiff is entitled to damages or can recover
5   damages in any amount whatsoever, the amount in controversy in this action exceeds
6   $75,000 exclusive of interest and costs.  28 U.S.C. §1332(a).  Plaintiff's Complaint does
7   not specify an amount in controversy.  Where a plaintiff's state court complaint is silent as
8   to the amount of damages claimed, the United States Supreme Court has held "a
9   defendant's notice of removal need include only a plausible allegation that the amount in
10  controversy exceeds the jurisdictional threshold," but the statement need not contain
11  evidentiary submissions.  *See Dart Cherokee*, 574 U.S. at 82, 89.  If plaintiff contests a
12  defendant's allegations, defendant need only demonstrate by a preponderance of the
13  evidence that the amount in controversy exceeds the jurisdictional threshold.  *Sanchez v.*
14  *Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Williams v. Best Buy Co.,*
15  269 F.3d 1316, 1319 (11th Cir. 2001) (courts may consider factual statements in
16  defendant's notice of removal in assessing removal jurisdiction).

17      47.    In determining whether the amount in controversy exceeds $75,000.00
18  exclusive of interest and costs, the Court must presume the plaintiff will prevail on each
19  and every one of his or her claims. (*Kenneth Rothschild Trust v. Morgan Stanley Dean*
20  *Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31
21  F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that
22  "plaintiff prevails on liability"), superseded by statute on other grounds by 29 U.S.C. §
23  1446, and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in
24  controversy is not measured by the low end of an open-ended claim, but rather by
25  reasonable reading of the value of the rights being litigated")).

26      48.    Attorney fees also may be taken into account to determine the jurisdictional
27  amount.  *Goldberg v. CPC Int'l, Inc*., 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied,
28  459 U.S. 945; *see also, Alvarado v. Home Depot U.S.A., Inc.*, Case No. 18-cv-611-

CASE NO. _____

DEFENDANT'S NOTICE OF REMOVAL

MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10 (S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy).

49.    Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, the aggregated claims of the Plaintiff establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of $75,000.

50.    In the event plaintiff prevails on every one of her claims, he stands to recover the following:

     a.  Failure to provide meal and rest periods pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, §§ 11-12.  Plaintiff's rate of pay during his employment with Defendant Amentum Services, Inc. was at least $19.92 per hour.  (Esposito Decl. ¶ 6.)  Plaintiff was employed by Defendant Amentum Services, Inc. full-time (at least 8 hours per day, five days per week) starting from February 3, 2020.  (*Id.* ¶ 7.) Plaintiff's employment ended on August 31, 2021. (*Id.* ¶ 7.)  There are approximately 392 workdays between February 3, 2020, and August 31, 2021.  Accordingly, Plaintiff's allegation that he was denied meal and rest periods during this time results in $7,808.64 in alleged meal break premiums (392 workdays x $19.92) and $7,808.64 in alleged rest break premiums, for a total of $15,617.28.

     b.  Failure to pay overtime pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 1¬2001, § 3.  Plaintiff fails to specify how many overtime hours he claims.  In a typical claim of unpaid overtime, a plaintiff will claim to have worked between 1 and 20 overtime hours per week.  For purposes of Plaintiff's unspecified claim, a median of 10 overtime hours per week is a reasonable estimate.  Plaintiff's approximate overtime rate

CASE NO. _____
DEFENDANT'S NOTICE OF REMOVAL

of pay was $29.88 per hour (1.5 times the regular rate).  (Esposito Decl. ¶ 6.)  At ten hours per week, Plaintiff stands to recover $298.80 per week in alleged off-the-clock overtime.  There are 82 weeks between February 3, 2020, and August 31, 2021.  Accordingly, Plaintiff's potential recovery under this claim is approximately $24,501.60.

c. Liquidated damages pursuant to Labor Code § 1194.2. An employer that fails to pay the minimum wage fixed by an order of the commission or statute, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Plaintiff stands to recover $24,502.60 in unpaid overtime wages, a minimum wage fixed pursuant to statute, and liquidated damages equal to that amount plus interest. Accordingly, Plaintiff's potential recovery under this claim is approximately $26,951.60 ($24,501.60 + $2,450.00 x 10% interest).

d. Failure to pay wages due upon separation of employment pursuant to California Labor Code § 201, 202, and 203.  An employer that fails to pay all wages due to an employee upon discharge is liable for one day's wages for every day of delay, up to a maximum of 30 days.  Plaintiff is a former employee and claims he was not paid all overtime wages due. (Escobedo Decl. ¶ 2, Ex. A ¶ 29.)   As a full-time employee, Plaintiff worked no less than 8 straight time hours per day, at the rate of $19.92 per hour.  (Esposito Decl. ¶ 6.)  At plaintiff's straight time rate of $19.92 per hour, the daily wage is $159.36.  Accordingly, Plaintiff's potential recovery under this claim is approximately $4,780.80 ($159.36 x 30 days).

e. Failure to furnish timely, accurate, and itemized wage statements pursuant to California Labor Code § 226 and IWC Wage Order No. 1-2001, § 7.  An employer that fails to furnish accurate wage statements is liable for the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee

16

for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). At all relevant times, Defendant Amentum Services, Inc. paid Plaintiff weekly. (Esposito Decl. ¶ 6.) Therefore, there are 40 pay periods between November 24, 2020, and August 31, 2021. Accordingly, Plaintiff's potential recovery under this claim is approximately $3,950 ($50 x 1 pay period x $100 x 39 pay periods).

f. Plaintiff also seeks his attorneys' fees (Escobedo Decl. ¶ 2, Ex. A Prayer for Relief at p. 19.) Plaintiff may recover attorney's fees to the extent he seeks the recovery of alleged unpaid wages. Accordingly, while Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, Plaintiff's prayer puts at least another $18,950.00 in controversy.

g. Accordingly, the amount in controversy in this action for purposes of ordinary diversity is at least $95,751.28, which is in excess of the jurisdictional minimum of $75,000.

## VII.   NON-GOVERNMENTAL

51.   Defendant is a corporation and not a state, or state official, or any other governmental entity.

## VIII. VENUE.

52.   "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As stated above, Plaintiff brought this action in California Superior Court, County of San Diego. Thus, venue properly lies in the United States District Court for the Southern District of California. 28 U.S.C. §§ 84(a), 1441(a).

### C. JOINDER OF AECOM IS NOT REQUIRED.

53.   A "nominal" party defendant is one that has no real interest in the suit.

17

CASE NO. _____

DEFENDANT'S NOTICE OF REMOVAL

*Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc*. 204 F.3d 867,873 (9th Cir. 2000). Federal courts have long recognized that a "nominal" party need not consent to removal. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co*. 736 F.3d. 256, 259 (4th Cir. 2013).

54.   Plaintiff's counsel has filed a request to dismiss AECOM as a Defendant in this case due to the fact it never employed Plaintiff nor any other Amentum Services, Inc. employees, and had no involvement in the processing and funding of their payroll. (Escobedo Decl. ¶¶ 4-5.) The State Court subsequently dismissed AECOM as a Defendant (*Id.* ¶ 6.) Given the fact AECOM is a non-employer defendant with no real interest in this action and has been dismissed from this action, it is a "nominal" party and need not consent to removal.

### D. NOTICE TO PLAINTIFF AND STATE COURT.

55.   In accordance with 28 U.S.C. § 1446(d), Defendants' counsel certifies that a copy of this Notice of Removal and all supporting papers will be served on Plaintiff's counsel and filed with the Clerk of the San Diego Superior Court.  As such, all procedural requirements under Section 1446 are satisfied.

### IX.   CONCLUSION.

56.   Based on the foregoing, Defendant requests that this action be removed to this Court.  If any question arises as to the propriety of removal of this action, Defendant respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its argument that removal is proper.


Dated:  January 26, 2022                    JACKSON LEWIS P.C.


                                        By:   */s/Guillermo A. Escobedo*
                                              Guillermo A. Escobedo
                                              Lara P. Besser
                                              Attorneys for Defendant
                                              AMENTUM SERVICES, INC.

4879-4916-9162, v. 1

CASE NO. _____

DEFENDANT'S NOTICE OF REMOVAL