# EXHIBIT A

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251
Email: jcampbell@aegislawfirm.com

Attorneys for Plaintiff Stephen V. Weaver, individually,
and on behalf of all others similarly situated.

ELECTRONICALLY FILED
Superior Court of California
County of San Diego
11/24/2021 at 03:22:02 PM
Clerk of the Superior Court
By Vanessa Sezeno, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| STEPHEN V. WEAVER, individually and on behalf of all others similarly situated, | Case No.   37-2021-00049868-CU-OE-CTL |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR:** |
| v. | 1.  Failure to Pay Minimum Wages; |
| AMENTUM SERVICES, INC.; AECOM; and DOES 1 through 20, inclusive, | 2.  Failure to Pay Overtime Wages; |
| Defendants. | 3.  Failure to Provide Meal Periods; |
| | 4.  Failure to Permit Rest Breaks; |
| | 5.  Failure to Reimburse Business Expenses; |
| | 6.  Failure to Provide Accurate Itemized Wage Statements; |
| | 7.  Failure to Pay All Wages Due Upon Separation of Employment; and |
| | 8.  Violation of Business and Professions Code §§ 17200, *et seq.* |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Stephen V. Weaver, individually and on behalf of others similarly situated, alleges as follows:

### NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.      Plaintiff Stephen V. Weaver ("Plaintiff") brings this putative class action against defendants Amentum Services, Inc.; Aecom; and DOES 1 through 20, inclusive (collectively, "Defendants"), on Plaintiff's own behalf and on behalf of a putative class of California citizens who are and were employed by Defendants as non-exempt employees throughout California.

2.      Defendants are in the infrastructure and personal services industries.

3.      Through this action, Plaintiff alleges that Defendants engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.      Plaintiff is informed and believe, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

        (a)     failing to pay all wages (including minimum wages and overtime wages);

        (b)     failing to provide lawful meal periods or compensation in lieu thereof;

        (c)     failing to authorize or permit lawful rest breaks or provide compensation in lieu thereof;

        (d)     failing to reimburse necessary business-related costs;

        (e)     failing to provide accurate itemized wage statements; and

        (f)     failing to pay all wages due upon separation of employment.

5.      Plaintiff seeks monetary relief against Defendants on behalf of himself and all others similarly situated in California to recover, among other things, unpaid wages, un-reimbursed business expenses, benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198, 2800, and 2802, and Code of California Civil Procedure § 1021.5.

///

///

**JURISDICTION AND VENUE**

6.     This is a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.     This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.     Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and the acts and omissions alleged herein took place in this county.

**THE PARTIES**

10.     Plaintiff is a resident of California and worked for Defendants during the relevant time periods as alleged herein.

11.     Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

-2-

1       13.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20

2  are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at

3  all relevant times.

4       14.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted

5  in all respects pertinent to this action as the agent of the other defendant, carried out a joint

6  scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant

7  are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the

8  employer and/or joint employer of Plaintiff and the class members.

9       15.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts

10  and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES

11  1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the

12  other's behalf. The acts of any and all Defendants were in accordance with, and represent, the

13  official policy of Defendants.

14       16.     At all relevant times, Defendants, and each of them, acted within the scope of

15  such agency or employment, or ratified each and every act or omission complained of herein. At

16  all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of

17  each and all the other Defendants in proximately causing the damages herein alleged.

18       17.     Plaintiff is informed and believes, and thereon alleges, that each of said

19  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

20  omissions, occurrences, and transactions alleged herein.

21                       **CLASS ACTION ALLEGATIONS**

22       18.     Plaintiff brings this action under Code of Civil Procedure § 382 on Plaintiff's own

23  behalf and on behalf of all others similarly situated who were affected by Defendants' Labor

24  Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

25       19.     All claims alleged herein arise under California law for which Plaintiff seeks

26  relief authorized by California law.

27       20.     Plaintiff's proposed class consists of and is defined as follows:

28

-3-

<u>Class</u>

All California citizens currently or formerly employed by Defendants as non-exempt employees in the State of California at any time between May 30, 2017[1] and the date of class certification ("Class").

21.     Plaintiff also seeks to certify the following subclasses of employees:

<u>Waiting Time Subclass</u>

All members of the Class who separated their employment with Defendant at any time between May 30, 2018 and the date of class certification ("Waiting Time Subclass").

22.     Plaintiff reserves the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

23.     Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members."

24.     There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

        (a)     Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.

        (b)     Whether Defendants required Plaintiff and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay them proper overtime compensation for all overtime hours worked.

        (c)     Whether Defendants deprived Plaintiff and Class Members of compliant meal periods without legal compensation.

[1] The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020 pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

(d)     Whether Defendants deprived Plaintiff and Class Members of rest breaks or required Plaintiff and Class Members to work through rest breaks.

(e)     Whether Defendants failed to reimburse Plaintiff and Class Members for necessary business-related costs expended for the benefit of Defendants.

(f)     Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements.

(g)     Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(h)     Whether Defendants' conduct was willful or reckless.

(i)     Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq*.

25.     There is a well-defined community of interest in this litigation and the proposed Class and subclasses are readily ascertainable:

(a)     <u>Numerosity</u>: The Class Members are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than fifty (50) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)     <u>Typicality</u>: Plaintiff's claims (or defenses, if any) are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class Members, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)     <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed

-5-

1 │ class counsel, are competent and experienced in litigating large employment class actions and

2 │ versed in the rules governing class action discovery, certification, and settlement. Plaintiff has

3 │ incurred and, throughout the duration of this action, will continue to incur attorneys' fees and

4 │ costs that have been and will be necessarily expended for the prosecution of this action for the

5 │ substantial benefit of the Class Members.

6 │        (d)    Superiority: The nature of this action makes use of class action

7 │ adjudication superior to other methods. A class action will achieve economies of time, effort, and

8 │ expense as compared with separate lawsuits and will avoid inconsistent outcomes because the

9 │ same issues can be adjudicated in the same manner for the entire Class and Waiting Time

10 │ Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods

11 │ to efficiently manage this case as a class action.

12 │        (e)    Public Policy Considerations: Employers in the State of California violate

13 │ employment and labor laws every day. Current employees are often afraid to assert their rights

14 │ out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions

15 │ because they believe their former employers might damage their future endeavors through

16 │ negative references and/or other means. Class actions provide class members who are not named

17 │ in the complaint with a type of anonymity that allows for the vindication of their rights while

18 │ affording them privacy protections.

19 │ **GENERAL ALLEGATIONS**

20 │    26.    At all relevant times mentioned herein, Defendants employed Plaintiff and other

21 │ California residents as non-exempt employees throughout California at Defendants' California

22 │ business location(s).

23 │    27.    Defendants continue to employ non-exempt employees within California.

24 │    28.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

25 │ mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who

26 │ were knowledgeable about California's wage and hour laws, employment and personnel

27 │ practices, and the requirements of California law.

28 │

29.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked, including, but not limited to requiring Plaintiff and Class Members to work off-the-clock, and failing to compensate Plaintiff and Class Members for these hours.

30.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

31.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was missed, late, or interrupted.

32.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to reimbursement and/or indemnification for all necessary business expenditures or losses as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members incurred necessary business expenses or losses, including but not limited to vehicle maintenance, cell phone use, protective

-7-

equipment, and uniform maintenance, among others, but were not adequately reimbursed nor indemnified of such expenses or losses that were incurred as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed the following information pursuant to the Labor Code: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. In violation of the Labor Code, Plaintiff and Class Members were not provided with accurate itemized wage statements.

34.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the Waiting Time Subclass was entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did not receive payment of all wages within the permissible time periods.

35.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and Class Members, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so in order to increase Defendants' profits.

36.     Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief against Defendants on Plaintiff's own behalf and on behalf of all Class Members to recover, among other things, unpaid wages (including minimum wages and overtime wages), unpaid meal period premium payments, unpaid rest period premium payments, unreimbursed business

-8-

expenditures, interest, attorneys' fees, penalties, costs, and expenses.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

(Violation of Labor Code §§ 1182.12, 1194, 1194.2, 1197; Violation of IWC Wage Order §3-4)

37.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

38.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

39.     Plaintiff and Class Members were employees entitled to the protections of Labor Code §§ 1194 and 1197.

40.     During the relevant time period, Defendants failed to pay Plaintiff and Class Members all wages owed when Defendants did not pay for all hours worked, including, but not limited to, hours spent working off-the-clock, among others.

41.     During the relevant time period, Defendants failed to pay at least minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

42.     Defendants' failure to pay Plaintiff and Class Members the required minimum wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

43.     Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME

(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

44.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

-9-

45.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½)  or two (2) times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

46.     Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

47.     The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

48.     California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

49.     Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

50.     Plaintiff and Class Members were employees entitled to the protections of California Labor Code §§ 510 and 1194.

51.     During the relevant time period, Defendants required Plaintiff and Class Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day of work, entitling them to overtime wages.

-10-

52.     During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked when Defendants failed to pay for time spent working off-the-clock, among other reasons. To the extent these hours qualify for the payment of overtime wages, Plaintiff and Class Members were not paid proper overtime wages.

53.     In violation of California law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

54.     Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

55.     Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

56.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

57.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

58.     Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

59.     Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

-11-

the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

60.     Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

61.     During the relevant time period, Plaintiff and Class Members did not receive compliant meal periods for working more than five (5) and ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

62.     Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

63.     At all relevant times, Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

64.     As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FOURTH CAUSE OF ACTION**

**<u>FAILURE TO PERMIT REST BREAKS</u>**

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

65.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

66.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

-12-

67.     Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

68.     During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked, including working in excess of ten (10) hours in a day, because they were required to work through their rest periods and/or were not authorized to take their rest periods.

69.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

70.     At all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

71.     As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

### FIFTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES

(Violation of Labor Code §§ 2800, 2802)

72.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

73.     Labor Code § 2800 states that "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

74.     Labor Code § 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct

-13-

1  consequence of the discharge of his or her duties, or of his or her obedience to the directions of
2  the employer . . . ."

3      75.    Labor Code § 2802(b) states that "[a]ll awards made by a court . . . for
4  reimbursement of necessary expenditures under this section shall carry interest at the same rate
5  as judgments in civil actions. Interest shall accrue from the date on which the employee incurred
6  the necessary expenditure or loss."

7      76.    Labor Code § 2802(c) states that "[f]or purposes of this section, the term
8  "necessary expenditures or losses" shall include all reasonable costs, including, but not limited
9  to, attorney's fees incurred by the employee enforcing the rights granted by this section."

10      77.    During the relevant time period, Plaintiff and Class Members incurred necessary
11  business-related costs that were not fully reimbursed by Defendants as alleged herein.

12      78.    In violation of Labor Code §§ 2800 and 2802, Defendants failed to reimburse or
13  indemnify Plaintiff and Class Members for their expenses due to Defendants' knowing and
14  intentional failure to reimburse necessary business expenditures in connection with Plaintiff's
15  and Class Members' work and job duties.

16      79.    As a direct result, Plaintiff and Class Members have suffered and continue to
17  suffer losses, and therefore seek complete reimbursement and indemnification of necessary
18  business expenditures or losses, interest thereon at the required rate, and all reasonable costs in
19  enforcing the rights under Labor Code § 2802, including, but not limited to attorneys' fees.

20  **SIXTH CAUSE OF ACTION**

21  <u>**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**</u>

22  (Violation of Labor Code § 226; Violation of IWC Wage Order)

23      80.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
24  though fully set forth herein.

25      81.    Labor Code § 226(a) requires Defendants to provide each employee with an
26  accurate wage statement in writing showing nine pieces of information, including, the following:
27  (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate
28  units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

-14-

1   deductions, provided that all deductions made on written orders of the employee may be

2   aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

3   which the employee is paid, (7) the name of the employee and the last four digits of his or her

4   social security number or an employee identification number other than a social security number,

5   (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly

6   rates in effect during the pay period and the corresponding number of hours worked at each

7   hourly rate by the employee.

8       82.     During the relevant time period, Defendants have knowingly and intentionally

9   failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff

10  and Class Members. The deficiencies include, among other things, the failure to correctly state

11  the employer's name, the gross and net wages earned, total hours worked, all applicable hourly

12  rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class

13  Members.

14      83.     As a result of Defendants' knowing and intentional failure to comply with Labor

15  Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-

16  protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury

17  pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code §

18  226(a). Plaintiff and Class Members were denied both their legal right to receive, and their

19  protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In

20  addition, because Defendants failed to provide the accurate rates of pay on wage statements,

21  Defendants prevented Plaintiff and Class Members from determining if all hours worked were

22  paid at the appropriate rate and the extent of the underpayment. Plaintiff had to file this lawsuit

23  in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses

24  and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had

25  Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also

26  delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

27      84.     Plaintiff and Class Members are entitled to recover from Defendants the greater of

28  all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty

-15-

CLASS ACTION COMPLAINT

1   dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars

2   ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding

3   four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

4       85.     Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and

5   Class Members from knowing, understanding, and disputing the wages paid to them and resulted

6   in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and

7   intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members

8   have suffered an injury, in the exact amount of damages and/or penalties to be shown according

9   to proof at trial.

10                          **SEVENTH CAUSE OF ACTION**

11      **FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

12                      (Violation of Labor Code §§ 201, 202, and 203)

13      86.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

14  though fully set forth herein.

15      87.     Labor Code §§ 201 and 202 provide that if an employer discharges an employee,

16  the wages earned and unpaid at the time of discharge are due and payable immediately, and that

17  if an employee voluntarily leaves his or her employment, his or her wages shall become due and

18  payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-

19  two (72) hours previous notice of an intention to quit, in which case the employee is entitled to

20  his or her wages at the time of quitting.

21      88.     During the relevant time period, Defendants willfully failed to pay the Waiting

22  Time Subclass all their earned wages upon termination, including, but not limited to, proper

23  minimum wage and overtime compensation, meal period premiums, and rest period premiums

24  either at the time of discharge or within seventy-two (72) hours of their leaving Defendants'

25  employ.

26      89.     Defendants' failure to pay the Waiting Time Subclass all their earned wages at the

27  time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in

28  violation of Labor Code §§ 201 and 202.

90.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

91.     Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

(Violation of Business and Professions Code §§ 17200, *et seq*.)

92.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

93.     California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

94.     A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiff and Class Members to suffer and continue to suffer injuries-in-fact.

95.     Defendants' policies and practices violated state law in at least the following respects:

    (a)    Failing to pay all wages earned (including minimum wage and overtime wages) to Plaintiff and Class Members at the proper rate in violation of Labor Code §§ 204, 510, 1194, 1194.2, 1197, and 1198.

    (b)    Failing to provide compliant meal periods without paying Plaintiff and Class Members premium wages for every day said meal periods were not

-17-

1        provided in violation of Labor Code §§ 226.7 and 512.

2        (c)     Failing to authorize or permit compliant rest breaks without paying

3                Plaintiff and Class Members premium wages for every day said rest

4                breaks were not authorized or permitted in violation of Labor Code §

5                226.7.

6        (d)     Failing to reimburse Plaintiff and Class Members for necessary business-

7                related expenses in violation of Labor Code §§ 2800 and 2802.

8        (e)     Failing to provide Plaintiff and Class Members with accurate itemized

9                wage statements in violation of Labor Code § 226.

10       (f)     Failing to timely pay all earned wages to the members of the Waiting

11               Time Subclass upon separation of employment in violation of Labor Code

12              §§ 201, 202, and 203.

13    96.    As alleged herein, Defendants systematically engaged in unlawful conduct in

14 violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages

15 (minimum and overtime wages), failing to provide meal periods and rest breaks or

16 compensation in lieu thereof, failing to reimburse necessary business-related costs and

17 expenses, failing to furnish accurate wage statements, and failing to pay all wages due and

18 owing upon separation of employment in a timely manner to the Waiting Time Subclass, all in

19 order to decrease their costs of doing business and increase their profits.

20    97.    At all relevant times herein, Defendants held themselves out to Plaintiff and Class

21 Members as being knowledgeable concerning the labor and employment laws of California.

22    98.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff and

23 Class Members wages and monies, thereby creating for Defendants an artificially lower cost of

24 doing business in order to undercut their competitors and establish and/or gain a greater

25 foothold in the marketplace.

26    99.    By violating the foregoing statutes and regulations as herein alleged, Defendants'

27 acts constitute unfair and unlawful business practices under California Business and Professions

28 Code §§ 17200, *et seq.*

-18-

100. As a result of the unfair and unlawful business practices of Defendants as alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and restitution in an amount to be shown according to proof at trial.

101. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

On Plaintiff's own behalf and on behalf of all others similarly situated, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For certification under California Code of Civil Procedure § 382 of the proposed Class and any other appropriate subclass;

2. For appointment of Stephen V. Weaver as class representative;

3. For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4. For compensatory damages in an amount according to proof at trial;

5. For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, unreimbursed expenses, benefits, and penalties;

6. For economic and/or special damages in an amount according to proof at trial;

7. For liquidated damages pursuant to Labor Code § 1194.2;

8. For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9. For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10. For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11. For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair,

-19-

1   or fraudulent and, therefore, constituting unfair competition under Business and Professions

2   Code §§ 17200, *et seq.*;

3          12.     For pre-judgment interest;

4          13.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted

5   by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§

6   226(e) and 1194; and

7          14.     For such other relief as the Court deems just and proper.

8

9   Dated: November 24, 2021          **AEGIS LAW FIRM, PC**

10

11                                       By: _____

12                                          Jessica L. Campbell
                                            Attorneys for Plaintiff Stephen V. Weaver

13

14                            **DEMAND FOR JURY TRIAL**

15       Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

16   Dated: November 24, 2021          **AEGIS LAW FIRM, PC**

17

18                                       By: _____

19                                          Jessica L. Campbell
                                            Attorneys for Plaintiff Stephen V. Weaver

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of San Diego

11/24/2021 at 03:22:02 PM

Clerk of the Superior Court
By Vanessa Sezenol, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMENTUM SERVICES, INC.; AECOM; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEPHEN V. WEAVER, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California, County of San Diego<br>330 W. Broadway, San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):*<br>37-2021-00049868-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jessica L. Campbell, AEGIS LAW FIRM, P.C., 9811 Irvine Center Drive, Suite 100, Irvine, CA 92618, 949-379-6250

| DATE:<br>*(Fecha)* 11/29/2021 | Clerk, by<br>*(Secretario)* V. Sezenol | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Amentum Services Inc

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Jessica L. Campbell, Esq. SBN 280626<br>AEGIS LAW FIRM, P.C.<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>TELEPHONE NO.: 949.379.6250   FAX NO.: 949.379.6251<br>ATTORNEY FOR *(Name):* Plaintiff Stephen V. Weaver | **FOR COURT USE ONLY**<br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of San Diego<br>**11/24/2021** at **03:22:02 PM**<br>Clerk of the Superior Court<br>By Vanessa Sezenol, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
Stephen V. Weaver v. Amentum Services, Inc., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>37-2021-00049868-CU-OE-CTL |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Timothy Taylor<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>[✓] Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | |

2. This case [✓] is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Eight
5. This case [✓] is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 24, 2021

Jessica L. Campbell
(TYPE OR PRINT NAME)                    ► *(signature)*                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7072 |

| PLAINTIFF(S) / PETITIONER(S): | Stephen V Weaver et.al. |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | Amentum Services Inc et.al. |

WEAVER VS AMENTUM SERVICES INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2021-00049868-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Timothy Taylor                                     Department: C-72

## COMPLAINT/PETITION FILED: 11/24/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/29/2022 | 09:30 am | C-72 | Timothy Taylor |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
   • **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
   • **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
   • **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

---

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2021-00049868-CU-OE-CTL        CASE TITLE: Weaver vs Amentum Services Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
   **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
   **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:      330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:      Central | |

| PLAINTIFF(S):    Stephen V Weaver et.al. |
|---|
| DEFENDANT(S): Amentum Services Inc et.al. |
| SHORT TITLE:     WEAVER VS AMENTUM SERVICES INC [IMAGED] |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2021-00049868-CU-OE-CTL |
|---|---|

Judge: Timothy Taylor                     Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                          ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)              ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

_____        _____
Name of Plaintiff                                 Name of Defendant

_____        _____
Signature                                         Signature

_____        _____
Name of Plaintiff's Attorney                       Name of Defendant's Attorney

_____        _____
Signature                                           Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 11/29/2021

_____
JUDGE OF THE SUPERIOR COURT

 CT Corporation

**Service of Process Transmittal**
12/27/2021
CT Log Number 540796772

**TO:**   Mark Esposito, Vice President, Deputy General Counsel
Amentum Services, Inc.
20501 SENECA MEADOWS PKWY
GERMANTOWN, MD 20876-7016

**RE:**   **Process Served in California**

**FOR:**   Amentum Services, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: STEPHEN V. WEAVER, individually and on behalf of all others similarly situated, // To: Amentum Services, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 37202100049868CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/27/2021 at 01:23 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Stuart Young  stuart.young@amentum.com |
| | Email Notification,  Mark Esposito  mark.esposito@amentum.com |
| | Email Notification,  Stanley Harper  stanley.harper@amentum.com |
| | Email Notification,  ALEXANDER BYRD  alexander.byrd@amentum.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203 |
| | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 **CT Corporation**

**Service of Process Transmittal**
12/27/2021
CT Log Number 540796772

**TO:**   Mark Esposito, Vice President, Deputy General Counsel
Amentum Services, Inc.
20501 SENECA MEADOWS PKWY
GERMANTOWN, MD 20876-7016

**RE:**   **Process Served in California**

**FOR:**   Amentum Services, Inc.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / SA



# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Mon, Dec 27, 2021

**Server Name:**              Douglas Forrest

| Entity Served | Amentum Services Inc |
|---|---|
| Case Number | 3 7 2 0 2 1 0 0 0 4 9 8 6 8 |
| Jurisdiction | CA |



# EXHIBIT C

1

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
2
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
3
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
4
Telephone: (949) 379-6250
Facsimile:  (949) 379-6251
5
Email:  jcampbell@aegislawfirm.com

6
Attorneys for Plaintiff Stephen V. Weaver, individually,
7
and on behalf of all others similarly situated.

8

9

10

11
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12
**COUNTY OF SAN DIEGO**

13
STEPHEN V. WEAVER, individually and
14
on behalf of all others similarly situated,

15
            Plaintiffs,

16
      v.

17
AMENTUM SERVICES, INC.; AECOM;
18
and DOES 1 through 20, inclusive,

19
            Defendants.

20

21

22

23

24

25

26

27

28

CASE NO.  37-2021-00049868-CU-OE-CTL

*Assigned for all purposes to:*
*Judge Timothy Taylor*
*Dept.: C72*

**REQUEST TO DISMISS DEFENDANT
AECOM WITHOUT PREJUDICE PURSUANT
TO CALIFORNIA RULES OF COURT, RULE
3.770**

Plaintiff Stephen V. Weaver ("Plaintiff") by and through her attorneys of record and pursuant to California Rules of Court Rule 3.770, hereby requests that the Court dismiss named defendant Aecom from this action without prejudice:

WHEREAS, on November 24, 2021, Plaintiff filed a putative Class Action Complaint in the Superior Court of California, County of San Diego, alleging eight causes of action for failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to permit rest breaks, failure to reimburse for business expenses, failure to provide accurate itemized wage statements, failure to pay all wages due upon termination, and unfair business practices.

WHEREAS, Defendants provided a declaration tending to establish defendant Aecom is not properly named as Plaintiff's employer in this case.

WHEREAS, in accordance with Rule 3.770, Plaintiff requests to dismiss the defendant without prejudice for the reasons set forth more fully in the concurrently-filed Declaration of Jessica L. Campbell. Specifically, Plaintiff requests to dismiss defendant Aecom from this action, without prejudice. No consideration is being provided for this dismissal.

WHEREAS, there has been no notice to the proposed class and no publicity regarding this lawsuit, and Plaintiff wishes to dismiss the defendant without prejudice.

IT IS HEREBY REQUESTED THAT defendant Aecom be dismissed without prejudice.


Dated: January 17, 2022                              **AEGIS LAW FIRM, PC**


By: _____
               Jessica L. Campbell
               Attorneys for Plaintiff

1  **AEGIS LAW FIRM, PC**
   SAMUEL A. WONG, State Bar No. 217104
2  KASHIF HAQUE, State Bar No. 218672
   JESSICA L. CAMPBELL, State Bar No. 280626
3  9811 Irvine Center Drive, Suite 100
   Irvine, California 92618
4  Telephone: (949) 379-6250
   Facsimile:  (949) 379-6251
5  Email:  jcampbell@aegislawfirm.com
6
   Attorneys for Plaintiff Stephen V. Weaver, individually,
7  and on behalf of all others similarly situated.

8

9

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                  **FOR THE COUNTY OF SAN DIEGO**

13

14  STEPHEN V. WEAVER, individually and       CASE NO.  37-2021-00049868-CU-OE-CTL
    on behalf of all others similarly situated,
15                                             *Assigned for all purposes to:*
                 Plaintiffs,                   *Judge Timothy Taylor*
16                                             *Dept.: C72*
          v.
17                                             **DECLARATION OF JESSICA L.**
18  AMENTUM SERVICES, INC.; AECOM;             **CAMPBELL IN SUPPORT OF REQUEST TO**
    and DOES 1 through 20, inclusive,          **DISMISS DEFENDANT AECOM WITHOUT**
19                                             **PREJUDICE PURSUANT TO CALIFORNIA**
                 Defendants.                   **RULES OF COURT, RULE 3.770**
20

21

22

23

24

25

26

27

28

I, Jessica L. Campbell, declare that:

1.     I am an attorney at law, duly licensed and entitled to practice in the State of California.  I am a partner at Aegis Law Firm, PC, attorney of record for Plaintiff Stephen V. Weaver ("Plaintiff").

2.     I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto under oath.

3.     This action was filed on November 24, 2021 as a proposed class action against defendants Amentum Services, Inc. and Aecom for failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to permit rest breaks, failure to reimburse for business expenses, failure to provide accurate itemized wage statements, failure to pay all wages due upon termination, and unfair business practices.

4.     Defendants provided a declaration tending to establish defendant Aecom is not properly named as Plaintiff's employer in this case.

5.     Plaintiff requests that the Court dismiss defendant Aecom without prejudice from this action.

6.     Neither Plaintiff nor his counsel are receiving any direct or indirect consideration for the dismissal.

7.     Pursuant to California Rule of Court 3.770(c), notice of the dismissal need not be provided to the putative class.

8.     No claims are being dismissed, and the dismissal of the defendant is without prejudice.

9.     No class has been certified and no notice of pendency of this action has been provided to putative class members.

10.     Furthermore, it is my opinion that the dismissal of the defendant without notice to the class members would not prejudice any putative class members.

11.     I am not aware of any putative class member foregoing filing their own claims in reliance on the pendency of this case against the named defendant.

-1-

12.     Therefore, I believe Aecom may be dismissed without notice to the class members.

I declare under penalty of perjury of the laws of the State of California, that the foregoing is true and correct. Executed on January 17, 2022 at Irvine, California.

_____
Jessica L. Campbell, Esq.
Attorney for Plaintiff

-2-

1

2

3

4

5

6

7

8

9        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10           **FOR THE COUNTY OF SAN DIEGO**

11

12   STEPHEN V. WEAVER, individually and
     on behalf of all others similarly situated,        CASE NO.  37-2021-00049868-CU-OE-CTL

13                                                       *Assigned for all purposes to:*
                    Plaintiffs,                          *Judge Timothy Taylor*
14                                                       *Dept.: C72*
           v.
15                                                       **[PROPOSED] ORDER GRANTING**
     AMENTUM SERVICES, INC.; AECOM;                      **REQUEST TO DISMISS DEFENDANT**
16   and DOES 1 through 20, inclusive,                   **AECOM WITHOUT PREJUDICE**

17
                    Defendants.
18

19

20

21

22

23

24

25

26

27

28

## [PROPOSED] ORDER

**IT IS HEREBY ORDERED** that pursuant to Plaintiff Stephen V. Weaver's Request to Dismiss Defendant Aecom Without Prejudice filed concurrently herewith, and for good cause appearing:

1.     Defendant Aecom is dismissed from this action without prejudice

DATED: _____     _____

                                           Hon. Timothy Taylor
*Judge of the Superior Court*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile:  (949) 379-6251
Email:  jcampbell@aegislawfirm.com

Attorneys for Plaintiff Stephen V. Weaver, individually,
and on behalf of all others similarly situated.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| STEPHEN V. WEAVER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMENTUM SERVICES, INC.; AECOM; and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO.  37-2021-00049868-CU-OE-CTL <br><br> *Assigned for all purposes to:* <br> *Judge Timothy Taylor* <br> *Dept.: C72* <br><br> **CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with Aegis Law Firm PC and my business address is 9811 Irvine Center Drive, Suite 100, Irvine, California 92618.

On January 17, 2022, I served the foregoing document entitled:

- **REQUEST TO DISMISS DEFENDANT AECOM WITHOUT PREJUDICE PURSUANT TO CALIFORNIA RULES OF COURT, RULE 3.770**
- **DECLARATION OF JESSICA L. CAMPBELL IN SUPPORT OF REQUEST TO DISMISS DEFENDANT AECOM WITHOUT PREJUDICE PURSUANT TO CALIFORNIA RULES OF COURT, RULE 3.770**
- **[PROPOSED] ORDER GRANTING REQUEST TO DISMISS DEFENDANT AECOM WITHOUT PREJUDICE**

on all the appearing and/or interested parties in this action by delivering ☐ *the original* ☒ *a true copy* thereof on the party(ies) addressed below as follows:

Guillermo A. Escobedo
**JACKSON LEWIS P.C.**
225 Broadway, Suite 2000
San Diego, CA 92101
Telephone: 619.573.4900
Guillermo.escobedo@jacksonlewis.com
Lara.Besser@jacksonlewis.com
Tara.Smigovsky@jacksonlewis.com
Lana.Nassar@jacksonlewis.com

*Attorneys for Defendant:*
AMENTUM SERVICES, INC. and AECOM

☐ **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit. (*Cal Code Civ. Proc.* § 1013(a); *Fed. R. Civ. Proc.* 5(a); *Fed. R. Civ. Proc.* 5(c).)

☐ **(BY OVERNIGHT MAIL)** I am personally and readily familiar with the business practice of Aegis Law Firm PC for collection and processing correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained Federal Express for overnight delivery. (*Cal Code Civ. Proc.* § 1013(c); *Fed. R. Civ. Proc.* 5(c).)

☒ **(BY ELECTRONIC TRANSMISSION)** I caused said document(s) to be served via electronic transmission via the above listed email addresses on the date below. (*Cal. Code Civ. Proc.* § 1010.6(6); *Fed. R. Civ. Proc.* 5(b)(2)(E); *Fed. R. Civ. Proc.* 5(b)(3).)

☐ **(BY PERSONAL SERVICE)** I delivered the foregoing document by hand delivery to the addressed named above. (*Cal Code Civ. Proc.* § 1011; *Fed. R. Civ. Proc.* 5(b)(2)(A).)

1        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

2

3        Executed on January 17, 2022, at Irvine, California.

4

5

                           Delaney Graves

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

# EXHIBIT D

1
2
3
4
5
6
7
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF SAN DIEGO

11

12   STEPHEN V. WEAVER, individually and        CASE NO.  37-2021-00049868-CU-OE-CTL
     on behalf of all others similarly situated,
13                                               *Assigned for all purposes to:*
              Plaintiffs,                        *Judge Timothy Taylor*
14                                               *Dept.: C72*
         v.
15                                               **[PROPOSED] ORDER GRANTING**
     AMENTUM SERVICES, INC.; AECOM;              **REQUEST TO DISMISS DEFENDANT**
16   and DOES 1 through 20, inclusive,           **AECOM WITHOUT PREJUDICE**

17
              Defendants.
18
19
20
21
22
23
24
25
26
27
28

                            [PROPOSED] ORDER

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**01/18/2022** at 12:01:00 AM
Clerk of the Superior Court
By Melissa Reyes, Deputy Clerk

# [PROPOSED] ORDER

**IT IS HEREBY ORDERED** that pursuant to Plaintiff Stephen V. Weaver's Request to Dismiss Defendant Aecom Without Prejudice filed concurrently herewith, and for good cause appearing:

    1.    Defendant Aecom is dismissed from this action without prejudice

DATED: _____**1-18-22**_____      _____

Hon. Timothy Taylor
*Judge of the Superior Court*

-1-

[PROPOSED] ORDER

# EXHIBIT E

Guillermo A. Escobedo (SBN 206198)
Lara P. Besser (SBN 282289)
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, California  92101
Telephone:     (619) 573-4900
Facsimile:      (619) 573-4901
Guillermo.escobedo@jacksonlewis.com
Lara.besser@jacksonlewis.com

Attorneys for Defendant
AMENTUM SERVICES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| STEPHEN V. WEAVER, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>AMENTUM SERVICES, INC.; AECOM; and DOES 1 through 20, inclusive,<br><br><br>       Defendants | Case No.:  37-2021-00049868-CU-OE-CTL<br><br>[Assigned for all purposes to Hon. Timothy Taylor, Dept. C-72]<br><br>**CLASS ACTION**<br><br>**AMENTUM SERVICES INC.'S NOTICE OF FILING REMOVAL**<br><br>**IMAGED FILE**<br><br>Complaint filed:   November 27, 2021<br>Trial Date:       Not Assigned |

**TO THE SAN DIEGO SUPERIOR COURT, PLAINTIFF STEPHEN WEAVER, AND TO HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 26, 2022, Defendant Amentum Services, Inc. ("Defendant") filed a Notice of Removal of this action with the United States District Court for the Southern District of California, located at 333 W Broadway, #420, San Diego, CA 92101.

///

///

///

///

1
AMENTUM SERVICES INC.'S NOTICE OF FILING REMOVAL

1

2        Attached hereto as Exhibit "1" is a true and correct copy of the Notice of Removal, including all exhibits attached thereto.

3

4   DATED:  January 26, 2022             JACKSON LEWIS P.C.

5

6   By: _____

7        Guillermo A. Escobedo
         Lara P. Besser

8        Attorneys for Defendant
         AMENTUM SERVICES, INC.

9

10  4886-6593-6394, v. 1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENTUM SERVICES INC.'S NOTICE OF FILING REMOVAL