**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
FAWN F. BEKAM, State Bar No. 307312
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile:  (949) 379-6251

Attorneys for Plaintiff Stephen V. Weaver, individually,
and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN V. WEAVER, individually and on behalf of all others similarly situated <br><br> Plaintiff, <br><br> vs. <br><br> AMENTUM SERVICES, INC.; AECOM.; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 3:22-cv-108-AJB-NLS <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT** <br><br> Date:       May 5, 2022 <br> Time:      2:00 p.m. <br> Courtroom:  4A |

-1-
**MOTION TO REMAND ACTION TO STATE COURT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Stephen V. Weaver ("Plaintiff") filed this class action where it belongs—in state court. Although Defendant Amentum Services, Inc. ("Defendant") removed this case to federal court on January 26, 2022, it failed to meet its burden to prove or even plausibly allege that the amount in controversy exceeds $5 million as required by the Class Action Fairness Act of 2005 ("CAFA"). Instead, Defendant based its removal on its wholly unsupported assumption of violation rates to reach the amount in controversy. Accordingly, the Court should grant the instant Motion and remand the action to the San Diego County Superior Court.

### II.    PROCEDURAL HISTORY

On November 24, 2021, Plaintiff filed this case in San Diego County Superior Court. Docket No. 1-3. Plaintiff's Complaint alleges: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to permit rest periods; (5) failure to reimburse business expenses; (6) failure to pay wages due upon separation of employment; (7) failure to provide accurate itemized wage statements; and (8) unfair business practices. *Id*.

On January 26, 2022, Defendant filed a Notice of Removal ("NOR") alleging federal jurisdiction under CAFA, 28 U.S. §§ 1332, 1367(a), 1441(a), 1441(b), 1446, and 1453. *See* Docket No. 1 ("NOR"). On January 27, 2022, Plaintiff met and conferred with Defendants regarding the deficiencies in the NOR. *See* Declaration of Fawn F. Bekam in Support of Plaintiff's Motion to Remand Action to State Court, ¶ 3, Exhibit A. As of the filing of this motion, Defendant has not responded to Plaintiff's request that it stipulate to remand. *Id*. at ¶ 4.

### III.    DEFENDANT HAS THE BURDEN OF ESTABLISHING REMOVAL IS PROPER

Defendant bears the burden of establishing that removal is proper. *California*

-2-

**MOTION TO REMAND ACTION TO STATE COURT**

*ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). In a CAFA case, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1995) (noting that the removing party must present "competent proof" of grounds for removal).

## IV.   DEFENDANT FAILED TO PROVE THAT THE AMOUNT IN CONTROVERSY FOR THE CLASS ACTION CLAIMS EXCEEDS $5 MILLION

In a CAFA case, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold . . . [and] need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549, 190 L. Ed. 2d 495 (2014). However, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Ibarra,* 775 F.3d at 1197. "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198. In other words, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* at 1197. Here, Defendant's NOR fails to meet these requirements.

Defendant has made assumptions that are unsupported by the allegations in the Complaint or by the evidence. Defendants assume a 100% violation rate for all of Plaintiff's claims. *See* NOR, ¶¶ 28-38. In other words, Defendant assumes every class member suffered every violation for all of Plaintiff's claims at all times without providing evidence of any kind to substantiate its theory. *See id*. Courts have rejected this kind of assumption. *See Martinez v. Morgan Stanley & Co., Inc.*,

2010 WL 3123175, at * 6 (S.D. Cal. Aug. 9, 2010) (rejecting defendant's calculation of meal and rest period violations, waiting time penalties, and wage statement penalties because the variables were not clearly suggested by the complaint or supported by the evidence); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1118-26 (C.D. Cal. 2010) (finding that defendants' calculations improperly presumed that there was a violation as to each class members even though the complaint contained "[s]tatements suggesting that overtime violations, missed meal periods, untimely payment of wages, and/or provision of inaccurate wage statements occurred regularly and/or consistently or even often") (internal quotations omitted).

More specifically, Defendant assumes that every single class member experienced one meal period and one rest period violations *every* week without *any evidence*. *See* NOR, ¶¶ 34-35. There are no allegations in the complaint to support these assumptions, and Defendant's speculative calculations should be disregarded.

## V. DEFENDANT FAILED TO ALLEGE THAT THE AMOUNT IN CONTROVERSY FOR PLAINTIFF'S INDIVIDUAL CLAIMS EXCEEDS $75,000

### A. Defendant's Assumptions Are Entirely Speculative

Defendant assumes, without evidence, that Plaintiff was not paid 10 hours of overtime for each and every week, missed 10 meal and rest period every single week, is owed the maximum penalties for waiting time and wage statements, and is owed interest on liquidated damages. Courts have rejected these kinds of assumptions. *See Martinez v. Morgan Stanley & Co., Inc.*, 2010 WL 3123175, at *6 (S.D. Cal. Aug. 9, 2010) (rejecting defendant's calculation of meal and rest period violations, waiting time penalties, and wage statement penalties because the variables were not clearly suggested by the complaint or supported by evidence); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1118-1126 (C.D. Cal. 2010) (finding that defendants' calculations improperly presumed that there was a

-4-

**MOTION TO REMAND ACTION TO STATE COURT**

violation as to each class member even though the complaint contained "[s]tatements suggesting that overtime violations, missed meal periods, untimely payment of wages, and/or provision of inaccurate wage statements occurred regularly and/or consistently or even often") (internal quotations omitted); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015).

More specifically, Defendant assumes Plaintiff was unpaid 10 overtime hours and missed 10 meal and rest periods per week, each and every week. *See* NOR, ¶ 50. It offers no evidence supporting that a 100% violation rate is reasonable here, and as such its calculations should be disregarded. *See Toribio v. ITT Aerospace Controls, LLC*, 2019 WL 4254935, *3 (C.D. Cal. Sept. 5, 2019) (finding that a defendant cannot "pull violation rates out of thin air, whether it characterizes them as 'conservative' or not, and conclusively state that they are 'reasonable inference[s]' about the most important variables involved in the necessary calculation.") (citing *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015) ("[A] damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them."); *see also Armstrong v. Ruan Transport Corp.*, 2016 WL 6267931, * (C.D. Cal. Oct. 25, 2016) (finding one meal and rest period violation per workweek was not a "conservative estimate" when defendant's declaration set forth only the number of class members, average number of workdays and hours, and frequency wage statements were issued).

Defendant also includes interest in its calculation of the amount in controversy. NOR ¶ 50. However, interest is specifically excluded from the amount in controversy by statute. 28 U.S.C. § 1332 (amount in controversy is "exclusive of interest and costs").

Further, Defendant assumes Plaintiff is entitled to the maximum amounts for penalties for waiting time penalties and inaccurate wage statements. *See* NOR, ¶ 50. The maximum penalties assumption has also been rejected by many courts. *See*,

**MOTION TO REMAND ACTION TO STATE COURT**

1  *e.g.*, *Adams v. Medical Staffing Network Healthcare, LLC*, 2013 WL 6388725, * 3
2  (E.D. Cal. Dec. 6, 2013) ("Defendant cannot, as it has done in the motion sub
3  judice, 'assume[] that each employee would be entitled to the maximum statutory
4  penalty' without providing 'evidence supporting that assertion.'") (citing *Garibay*
5  *v. Archstone Communities, LLC*, 2013 WL 4517934, *1 (9th Cir. Aug. 27, 2013);
6  *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, * 7 (S.D. Cal. Nov. 26,
7  2012) ("Defendants' assumption that each employee is entitled to recover the full
8  thirty-day maximum penalty has no basis in the allegations of the Complaint or the
9  proof submitted by Defendants."); *Solomon v. Mainline Information Sys., Inc.*, 2012
10 WL 137568, *3 (C.D. Cal. Jan. 17, 2015) (defendant did not satisfy amount in
11 controversy by a preponderance of the evidence where it implored the court to
12 consider the statutory maximum penalty without any summary judgment-type
13 evidence as to that assessment).

14      Defendant also wants this Court to take a position that the attorneys' fees
15 place $18,950.00 in controversy. However, in determining the amount in
16 controversy with respect to a federal court's jurisdiction, the amount of attorneys'
17 fees can be considered only where "a statute authorizes fees to a successful
18 litigant." *See Galt G/S International, Inc.*, 142 F.3d 1150, 1155 (9th Cir. 1982).
19 Courts have held that claims for meal and rest period premiums do not entitle a
20 successful plaintiff to attorneys' fees. *See Kirby v. Immoos Fire Protection, Inc.*, 53
21 Cal.4th 1244, 1248 (2012). Similarly, courts have held that attorneys' fees are not
22 recoverable for waiting time penalties. *See, e.g., Ling v. P.F. Chang's China Bistro,*
23 *Inc.*, 245 Cal. App. 4th 1242, 1260-61 (2016). The Ninth Circuit has also
24 distinguished between determining a reasonable award of attorneys' fees drawn
25 from a common fund and determining attorneys' fees to establish the amount in
26 controversy on a motion to remand. *See Fritsch v. Swift Tranp. Co. of Ariz.*, 899
27 F.3d 785, 796 (9th Cir. 2018). As such, Defendant's estimate of attorneys' fees
28 must be disregarded.

-6-

**MOTION TO REMAND ACTION TO STATE COURT**

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion and remand this action to the San Diego County Superior Court.

Dated:  February 8, 2022                     **AEGIS LAW FIRM, P.C.**


                                             By: /s/ Fawn F. Bekam
                                                 Fawn F. Bekam
                                                 Attorneys for Plaintiff Stephen V.
                                                 Weaver

**MOTION TO REMAND ACTION TO STATE COURT**