**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
FAWN F. BEKAM, State Bar No. 307312
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile:  (949) 379-6251

Attorneys for Plaintiff Stephen V. Weaver, individually, and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN V. WEAVER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMENTUM SERVICES, INC.; AECOM; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:22-cv-108-AJB-NLS<br><br>**DECLARATION OF FAWN F. BEKAM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**<br><br>Date:          May 5, 2022<br>Time:         2:00 p.m.<br>Courtroom: 4A |

-1-
**DECLARATION OF FAWN F. BEKAM**

I, Fawn F. Bekam, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am an associate attorney at Aegis Law Firm, PC, counsel for Plaintiff Stephen V. Weaver ("Plaintiff") in this matter. I am thoroughly familiar with and have personal knowledge of all of the facts set forth herein. If called as a witness, I could and would competently testify thereto.

2. I submit this Declaration in support of Plaintiff's Motion to Remand Action to State Court.

3. On January 27, 2022, I wrote to counsel for Defendant Amentum Services, Inc. ("Defendant") to meet and confer in advance of Plaintiff's Motion to Remand. A true and correct copy of this letter is attached hereto as **Exhibit A**.

4. As of the filing of this motion, Defendant has not responded to my request that they stipulate to remand.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 8, 2022, at Irvine, California

/s/ Fawn F. Bekam
Fawn F. Bekam

-2-
**DECLARATION OF FAWN F. BEKAM**

# EXHIBIT A



**AEGIS LAW FIRM, PC**
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: 949.379.6250
Facsimile: 949.379.6251
www.aegislawfirm.com

January 27, 2022

<u>**VIA E-MAIL**</u>
*guillermo.escobedo@jacksonlewis.com*
*lara.besser@jacksonlewis.com*

Guillermo A. Escobedo
Lara P. Besser
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, California 92101

> <u>***Re: Weaver v. Amentum Services, Inc.***</u>
> Case No. 3:22-cv-00108-AJB-NLS

Dear Counsel,

Plaintiff Stephen V. Weaver ("Plaintiff") hereby seeks to meet and confer with Defendants Amentum Services, Inc. ("Defendant") regarding Plaintiff's motion to remand. The grounds for the motions is that Defendant cannot meet its burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

As to jurisdiction under CAFA, Defendant asserts that the amount in controversy is $5,762,000.00. This figure assumes 100 class members worked each and every workday during each and every workweek in the alleged class period, and experienced a meal and rest break violation each and every day. These assumptions are unreasonable, not supported by any evidence, and not supported by any allegations in the Complaint.

As to traditional diversity jurisdiction, Defendant asserts that the amount in controversy is $95,751.28, assuming Plaintiff was denied a meal and a rest break each and every possible workday, was denied 10 hours of overtime per workweek, is owed liquidated damages plus interest, and that all of his wage statements were inaccurate. Defendant's assumption of violation rates for unpaid overtime wages, meal period, rest periods, and inaccurate wage statements are entirely speculative and do not meet the standard for removal. None of Defendants' assumptions have any relation to the allegations in the complaint.

Moreover, Defendant has contended that it is proper to assume a 25% benchmark rate for attorneys' fees when establishing the amount in controversy. However, Defendant ignores case law stating that attorneys' fees are not recoverable for meal and rest period

1

claims, nor for waiting time penalties. *Kirby v. Immos Fire Protection, Inc.*, 53 Cal. 4th 1244, 1248 (2010); *Ling v. P.F. Changs Bistro, Inc.*, 245 Cal. App. 4th 1242, 1260-1261 (2016). The Ninth Circuit has also distinguished between determining a reasonable award of attorneys' fees drawn from a common fund and determining attorneys' fees to establish the amount in controversy on a motion to remand. *See Fritsch v. Swift Transpo. Co. of Ariz.*, 899 F.3d 785, 796 (9th Cir. 2018). It is also entirely improper to include interest in the amount in controversy. *See* 28 U.S.C. § 1332(a) (the amount in controversy must exceed $75,000 *exclusive of interest and costs*). As such, the jurisdictional minimum has not been met and this matter must be remanded to state court.

Please let us know whether Defendant will stipulate to remand by **February 3, 2022**.

Sincerely,
**AEGIS LAW FIRM, PC**

Fawn F. Bekam