UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN V. WEAVER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMENTUM SERVICES, INC.; AECOM.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 22-cv-00108-AJB-NLS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. No. 16)** |

Before the Court is Defendant Amentum Services, Inc.'s ("Defendant") motion for reconsideration of this Court's Order granting Plaintiff Stephen V. Weaver's ("Plaintiff") motion to remand and denying as moot Defendant's motion to dismiss. (Doc. No. 16.) Also before the Court is Defendant's request for judicial notice. (Doc. No. 16-3.) Plaintiff filed a response, to which Defendant replied. (Doc. Nos. 18, 19.) For the reasons set forth, the Court **GRANTS** Defendant's request for judicial notice and **DENIES** Defendant's motion for reconsideration.

///

1

## I.     BACKGROUND

Plaintiff, a former nonexempt employee of Defendant Amentum Services, Inc., filed a class action complaint in San Diego Superior Court on November 24, 2021, alleging wage and hour violations. (*See generally* Complaint ("Compl."), Doc. No. 1-3.) Plaintiff asserted eight causes of action against Defendant: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) unpaid meal period premiums; (4) unpaid rest period premiums; (5) failure to reimburse business expenses; (6) itemized wage statement penalties; (7) failure to pay all wages due upon separation of employment; and (8) violation of California Business and Professions Code § 17200 *et seq.* ("UCL"). (*See generally id.*) Defendant removed the case to this Court on January 26, 2022, pursuant to the Class Action Fairness Act ("CAFA"), alleging that (1) the amount in controversy exceeded $5,000,000, exclusive of costs and interest; (2) the aggregate number of putative class members in all proposed classes was 100 or greater; and (3) diversity of citizenship existed between at least one putative class member and the named defendants in the matter. (Doc. No. 1-3 at 5.) Plaintiff filed a Motion to Remand on February 8, 2022, alleging the Complaint failed to meet the minimum amount-in-controversy requirement necessary for jurisdiction under CAFA. (Doc. No. 7.) Defendant filed its Opposition to Motion to Remand and Motion to Dismiss Plaintiff's Complaint on February 16, 2022. (Doc. No. 10.) This Court granted Plaintiff's Motion to Remand and denied as moot Defendant's Motion to Dismiss on March 30, 2022 (the "Remand Order"). (Doc. No. 15.)

On April 14, 2021, Defendant filed the instant Motion for Reconsideration of the Remand Order, contending that a Ninth Circuit opinion, *Jauregui v. Roadrunner Transportation Services*, 28 F.4th 989 (9th Cir. 2022), should have impacted the Court's calculus in determining the amount-in-controversy for purposes of satisfying CAFA. (Doc. No. 16.)

///
///
///

## II.   LEGAL STANDARD

### A.   Motion for Reconsideration

Rule 60(b) is specifically limited to instances where the movant demonstrates in pertinent part the existence of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason for justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Courts often treat the legal standard for Rule 59(e) as interchangeable with that of Rule 60(b) despite the fact that Rule 60(b) explicitly lists the factors above, whereas Rule 59(e) contains no such list of factors. *See e.g.*, *Manago v. Gonzalez*, 1:11-cv-01269-GBC PC, 2012 WL 439404 (E.D. Cal. Feb.9, 2012) (citing to cases that pertained to Rule 59(e) motions even though a Rule 60(b) motion was at issue). Regardless of which rule is relied upon, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999).

### B.   CAFA Jurisdiction

The Class Action Fairness Act ("CAFA") applies to "class action" lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5). Thus, district courts have original jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" the parties satisfy minimal diversity. 28 U.S.C. § 1332(d)(2). Procedures for removal of CAFA cases are governed by 28 U.S.C. §§ 1446 and 1453. An order remanding a case to state court is generally not reviewable on appeal, 28 U.S.C.

§ 1447, but Congress carved out a narrow exception to this general rule for cases removed under CAFA so that an appeal of a remand order in a CAFA case may be sought:

> [N]otwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order.

28 U.S.C. § 1453(c)(1). CAFA therefore authorizes federal courts of appeal discretion to accept an appeal from a remand order, and some district courts have interpreted this statute to "provide continuing jurisdiction to reopen a previously remanded case." *Baron v. Johnson & Johnson*, No. SACV 14-1531 JGB (SPx), 2014 WL 7272229, at *2 (C.D. Cal. Dec. 17, 2014); *but see Hender v. Am. Directions Workforce, LLC*, No. 2:19-cv-01951-KJM-DMC, 2021 WL 2577030, at *2 (E.D. Cal. June 23, 2021) (holding that the district court lacks jurisdiction to reconsider an order for remand).

## III. DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Defendant requests judicial notice of two documents: (1) the Ninth Circuit's opinion in *Jauregui v. Roadrunner Transportation Services*, 28 F.4th 989 (9th Cir. 2022); and (2) the Central District of California's opinion in *Mills v. Rescare Workforce Services*, No. 2-20-cv-10860-FLA (JPRx), 2022 U.S. Dist. LEXIS 51642, at *22 n.12 (C.D. Cal. Mar. 22, 2022).

Federal Rule of Evidence 201 states that a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

As the foregoing two documents are court records, the Court finds judicial notice warranted. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that courts "may take judicial notice of court filings and other matters of public record."); *see also United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (holding that a court "may take judicial notice of a judicial or

administrative proceeding which has a 'direct relation to the matters at issue[.]'"); *Neylon v. Cnty. of Inyo*, No. 1:16-CV-0712 AWI JLT, 2016 WL 6834097, at *2 (E.D. Cal. Nov. 21, 2016) ("Federal courts may take judicial notice of orders and proceedings in other courts, including transcripts.").

However, a court may only take judicial notice of the "existence of those matters of public record . . . but not the veracity of the arguments and disputed facts contained therein." *S. Cal. Edison Co.*, 300 F. Supp. 2d at 974; *see Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (citation and internal quotation marks omitted).

With these limitations in mind, the Court **GRANTS** Defendant's request for judicial notice.

**IV.  DISCUSSION**

There is a circuit split as to whether this Court has the authority to reconsider its own order remanding the case. Plaintiff asserts the Court lacks jurisdiction to hear Defendant's motion for reconsideration because it is untimely. (Doc. No. 18 at 2.) Plaintiff relies on the general rule that an order to remand a case based on the absence of subject matter jurisdiction is typically not reviewable, and any such order would normally mark the end of federal court jurisdiction over the remanded claims. (*Id*. (citing 28 U.S.C. § 1447(d)).) Plaintiff elaborates that while CAFA carves out a limited exception to this rule by giving appellate courts discretion to accept appeals from orders granting or denying remand of class actions, the application for appellate review of the order must be made "not more than 10 days after entry of the order." (*Id*. (citing 28 U.S.C. § 1453(c)(1)).)

Defendant argues the Court is vested with continuing jurisdiction of a case under CAFA, up to and including the ability to reconsider its own remand order as an alternative to appellate review. (Doc. No. 19 at 10.) Defendant further argues that any filing deadlines for motions under the Court's continuing authority are governed by Rules 59(e) and 60(b),

and are set at 28 days and one year, respectively. (*Id.* at 11.) Defendant asserts that CAFA's deadline of ten days to appeal as outlined in 28 U.S.C. § 1453(c)(1) is not applicable to this motion for reconsideration, and that such an assertion is unsupported by law. (*Id.* at 10.) Defendant contends the Court's jurisdictional authority to reconsider its remand order is *derived* from § 1453(c)(1), but that any corresponding deadlines for parties to file a motion for reconsideration are to be found under FRCP 59(e) or 60(b). (*Id.* at 11.) Defendant further argues, among other things, that a Ninth Circuit holding in *Jauregui v. Roadrunner Transp. Servs.*, 28 F.4th 989 (9th Cir. 2022), dated March 17, 2022, should have impacted the Court's calculus when determining the amount in controversy under CAFA. (Doc. No. 16-1 at 10.) Specifically, Defendant argues that *Jauregui* limits the Court's ability to apply a zero-dollar valuation to a plaintiff's claims unless certain requirements are met. (*Id.*) The Ninth Circuit issued its holding on March 17, 2022, after Defendant had briefed its Motion to Dismiss (*Id.* at 6).

Despite the plain language of § 1453(c), there does not yet appear to be consensus as to the district courts' retention of jurisdiction after granting a motion to remand. The Ninth Circuit has not determined whether district courts have jurisdiction to reconsider remand orders under § 1453(c). The only circuit to explicitly find that it maintained continuing jurisdiction to entertain a motion for reconsideration of its order granting remand is the Seventh Circuit. *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379 (7th Cir. 2010) (treating a request for an appeal as premature pending the outcome of a motion for reconsideration); *see also Wingo v. State Farm Fire & Cas. Co.*, No. 13- 03097-CV-S-FJG, 2013 WL 3872199, at *2 (W.D. Mo., July 25, 2013) (relying on the Seventh Circuit's treatment of reconsideration by district courts of remand orders in CAFA cases as a proper exercise of jurisdiction to then reconsider its own remand order).

Within the Ninth Circuit, some district courts have maintained continuing jurisdiction even after remand, often to stay the effect of their own remand order pending appellate review. This Court, joined by the Central District, has decided that it does retain limited jurisdiction to reopen and review a case after a remand order. *Manier v. Medtech*

*Prods., Inc.*, 29 F. Supp. 3d 1284 (S.D. Cal. 2014) (exercising jurisdiction and addressing a motion to stay pending outcome of an appeal of the remand order "as Congress has specifically allowed these remand orders to be appealable"); *Perez-Reyes v. Nat'l Distrib. Ctrs., LLC*, No. EDCV17-2434JGB(SPx), 2018 WL 7177183, at *2 (C.D. Cal. Feb. 8, 2018) (exercising jurisdiction to review a motion for reconsideration of its remand order); *Baron*, 2014 WL 7272229, at *2 (exercising jurisdiction to decide a motion for reconsideration of its remand order).

Assuming, then, that this Court does maintain continuing jurisdiction to hear a motion to reconsider its order to remand, the issue becomes whether Defendant's motion for reconsideration of the remand order is timely given the limited exception for appellate review that § 1453(c) carves out specifically for CAFA remand orders. Because a remand under 28 U.S.C. § 1447 is meant to divest the court of jurisdiction and is "not reviewable on appeal or otherwise," the only mechanism for appellate review of a remand order for CAFA cases is to be found under § 1453(c). 28 U.S.C. §§ 1447(d), 1453(c). This circumscribed jurisdictional authority enables courts of appeal to consider timely petitions for appeal of an order granting or denying remand of a case removed under CAFA. 29 U.S.C. § 1453(c). It follows, then, that if a party timely petitions for appeal under § 1453(c), the district court must maintain at least limited jurisdiction to hear motions, including a motion to reconsider its own order granting remand, pending the outcome of the appellate process.

Defendant's argument that this Court's jurisdiction to entertain its Motion for Reconsideration is derived from 28 U.S.C. § 1453(c), but that Defendant need not abide by the statutory deadline of ten days outlined in § 1453(c)(1), is not persuasive. Rather, in nearly all instances within this Circuit where a district court has exercised such jurisdiction to hear a motion for reconsideration, the party seeking relief has abided by the strict ten (10) day time period outlined in § 1453(c)(1). Defendant may not cherry-pick from 28 U.S.C. § 1453(c) those provisions that it likes only to ignore the balance.

///

1     Here, Defendant did not file a petition for appeal of this Court's remand order. While
there are instances where a court has treated a motion for reconsideration as a proxy for a
petition for appellate review, in every one of those cases, the parties seeking relief filed
those motions within the ten-day statutory timeframe set forth in § 1453(c)(1). *See Perez-Reyes*, 2018 WL 7077183, at *2 (remand motion granted on February 1, 2018, defendant
filed application for reconsideration on February 7, 2018); *Baron*, 2014 WL 7272229, at
*1 (remand motion granted on November 13, 2014, defendants filed motion for
reconsideration of the remand order on November 24, 2014); Defendant's Motion for
Reconsideration re Order Remanding Case at 3, *Badeen v. PAR, Inc.*, No. 19-10532, 2020
WL 2573178 (E.D. Mich. May 21, 2020) (No. 56) (remand motion granted March 31,
2020, defendants filed motion for reconsideration on April 10, 2020); Defendant's Rule
59(e) Expedited Motion for Reconsideration of the Order for Remand at 1, *Wingo*, 2013
WL 3872199 (W.D. Mo. July 25, 2013) (No. 31) (remand motion granted May 30, 2013,
defendants filed motion for reconsideration on May 31, 2013).

In *Baron*, for example, while the plaintiffs did not contest the court's jurisdiction to
decide the defendants' motion for reconsideration, they did contend that the court lacked
jurisdiction because the defendants filed their petition to appeal the remand order eleven
days after the court entered the remand order. *Baron*, 2014 WL 7272229, at *3. In *Baron*,
the remand order was entered on November 13, 2014. *Id*. The defendants filed their petition
for appeal on November 24, 2014, eleven days after the remand order was entered, and the
plaintiffs argued that it (and, by extension, the motion for reconsideration) was time-barred.
*Id*. But the *Baron* court found that because November 23, 2014, fell on a Sunday, pursuant
to Federal Rule of Appellate Procedure 26(a), "the period continues to run until the end of
the next day that is not a [weekend] or legal holiday." *Id*. (citing Fed. R. App. P.
26(a)(1)(C)). Coincidentally, the defendants in that case also filed their motion for
reconsideration the same day as their petition for appeal of the order granting the remand
and within the same 10-day limit prescribed by 28 U.S.C. § 1453(c)(1). *Id*. at *2.
///

Likewise, in *Manier*, the court found that it was appropriate to address a motion to stay the remand order pending appeal "as Congress has specifically allowed [CAFA] remand orders to be appealable." *Manier*, 29 F. Supp. 3d 1284, 1287 (S.D. Cal. 2014). There, the court granted the plaintiffs' motion for remand on April 22, 2014. *Id*. at 1286. On May 1, 2014, well within the statutory ten-day period prescribed by § 1453(c)(1), the defendants filed a motion to stay the remand order pending appeal. *Id*. The same day, they filed a petition for permission to appeal under 28 U.S.C. § 1453(c). *Id*. The *Manier* court found its authority to hear the motion to stay proper because a timely petition for appeal had been filed concurrently. *Id*. at 1287.

Had Defendants likewise filed their Motion for Reconsideration within the ten days statutorily permitted by § 1453(c)(1), the Court likely would have had jurisdiction to reach the merits of Defendant's arguments as to whether the Court erred in remanding the case in light of the *Jauregui* ruling. But that is not the case here. To allow Defendants to abide only by the statutory filing deadlines set out in FRCP 59(e) or 60(b), as they contend they should be allowed to do, would circumvent the plain meaning of 28 U.S.C. §§ 1447 and 1453, impermissibly widening the narrow exception for appellate review of remand orders that Congress intended to provide for CAFA cases.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Request for Judicial Notice and **DENIES** Defendant's Motion for Reconsideration. (Doc. Nos. 16-3 and 19-1).

**IT IS SO ORDERED.**

Dated: August 17, 2022

Hon. Anthony J. Battaglia
United States District Judge